IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIS AND ROBERT THOMPSON, | § | |
| ON BEHALF OF THEMSELVES AND ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | CIVIL ACTION NO. 1:09-CV-00799-LY |
| v. | § | |
| | § | |
| PERRY HOMES, A JOINT VENTURE, | § | COLLECTIVE ACTION |
| AND PERRY HOMES, LLC | § | (JURY DEMANDED) |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFFS' MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiffs Joshua Willis and Robert Thompson (collectively, "Plaintiffs") on behalf of themselves and all other similarly situated individuals, file this Motion for Notice and Conditional Certification against Defendants Perry Homes, A Joint Venture and Perry Homes, LLC (collectively, "Defendants" or "Perry Homes"), and would respectfully show:

**I. SUMMARY**

Plaintiffs seek an Order permitting notice and conditional certification of a class of:

> Defendants' salaried, non-supervisory[1] construction staff with the job title of Assistant Project Manager or Project Manager who worked more than 40 hours per week without overtime compensation in the last 3 years.

These workers who fall within the defined class will be referred to as "Construction Staff." It is <u>undisputed</u> that the Construction Staff were required to work in excess of 40 hours per week [2] and were not paid any overtime compensation.[3]

---

[1] "Non-supervisory" assistant project managers and project managers includes those assistant project managers and project managers who <u>at any time</u> during the last 3 years did not customarily and regularly supervise or direct the work of two or more other Perry Homes employees.

The Construction Staff are "similarly situated" in terms of job responsibilities and pay provisions because they (a) had the same or similar job responsibilities[4]; and (b) were salaried employees who were misclassified as "exempt" under the Fair Labor Standards Act ("FLSA") and not paid any overtime wages.[5]  In sum, Plaintiffs have provided more than "substantial allegations" that they and the Construction Staff are similarly situated and were together the victims of a single decision, policy or plan that violated the FLSA.  Plaintiffs and the similarly situated Construction Staff all: [6]

- had the job title of Assistant Project Manager and/or Project Manager;

- were salaried[7] employees;

- were misclassified as "exempt" under the FLSA;

- were required to work at least 5½ days per week;

- regularly worked in excess of 40 hours per week;

- were never paid overtime compensation;

- performed the same or similar job duties as construction personnel in the construction of new homes, including organizing the construction of new single family homes and performing routine construction and warranty work related to the new homes; and

- were "non-supervisory" employees, who did not customarily and regularly supervise or direct the work of two or more other Perry Homes employees.

---

[2] Ex. B-1, Perry Homes Employee Handbook at p. 14, §2.5C ("Project Managers and Assistant Project Managers will work a five and one-half (5½) day workweek.  The hours tend to increase as production levels increase.").

[3] Perry Homes' Original Answer [Doc. #26] at ¶4.2 ("Defendants admit that Plaintiffs were not paid a half-time premium for each hour worked over 40 in a week.")

[4] Exs. A-1 to A-9, Sworn Declarations at ¶4-5.

[5] Ex. B-1, Perry Homes Employee Handbook at pp. 3-5, 14.

[6] Exs. A-1 to A-9, Sworn Declarations; Ex. B-1, Perry Homes Employee Handbook at pp. 3-5, 14; Ex. B-2, Perry Homes' Website Excerpts.

[7] In addition to a salary, assistant project managers and project managers also received a production bonus.

## II. BACKGROUND

Perry Homes is developer and home builder that constructs new single family homes across Texas.[8] Perry Homes has systemically violated federal law by misclassifying their non-supervisory Construction Staff as "exempt" and denying them overtime wages

Perry Homes prides itself on having the fastest build time among its competitors by completing new homes in an average of 82 days, rather than the typical build time of six months—which is less than half the time that it takes most builders to construct a new home.[9] Perry Homes' very aggressive building schedule is possible because the company forces its Construction Staff to work exceptionally longs hours, allowing them to take off only one Saturday each month—but only if approved by their supervisor, the Division President:

> "**CONSTRUCTION DIVISION.** *Project Managers and Assistant Project Managers will work a five and one-half (5½) day workweek. The hours tend to increase as production levels increase. Upon approval* by the Division President, *Project Managers and Assistant Project Managers are allowed one Saturday off each month*. . . ."[10]

Also, unlike most new home builders, Perry Homes required its Construction Staff to complete all of the company's warranty work:

> "Who will take care of my warranty work?
> *Warranty work will always be completed by a member of Perry Homes' professional construction staff*, unlike some builders who use a separate warranty crew."[11]

Likewise, Perry Homes required its Construction Staff to perform inspection work on the company's new homes:

> "Throughout the construction process, in addition to third-party inspections, the *Perry Homes construction staff completes more than 40 inspections* to ensure the home meets Perry Homes' standard of quality."[12]

---

[8] Defendants build in these areas: Austin, San Antonio, Houston, McAllen, Dallas and Fort Worth.
[9] *See* Ex. B-2, Perry Homes Website Excerpts.
[10] Ex. B-1, Employee Handbook at p. 14, §2.5(B).
[11] Ex. B-2, Perry Homes Website Excerpts.

This case is a classic "misclassification" overtime claim in which a home builder misclassified its construction workers as salaried, "exempt" workers and forced them to work long hours without any compensation for overtime in violation of the FLSA.

Under strikingly similar facts, a district court certified a collective action of construction personnel under the FLSA against one of Perry Homes' competitors—Pulte Home Corporation. *Simpkins v. Pulte Home Corp.*, 2008 U.S. Dist. LEXIS 64270 (M.D. Fl. Aug. 21, 2008) [Appx. Ex. C-6]. *Simpkins* involved the same allegations made here—that Pulte misclassified its salaried builders or construction superintendents as "exempt" under the FLSA and did not pay them overtime compensation. *Id*. at *4. The *Simpkins* court certified a nationwide FLSA collective action using the same two-step analysis used by this Court. Just as in *Simpkins*, all of Perry Homes' non-supervisory Assistant Project Managers and Project Managers were subjected to Defendants' unlawful compensation practice, therefore warranting statewide certification and notice.

### III. ARGUMENT & AUTHORITIES

A.   **THE FLSA AUTHORIZES COLLECTIVE ACTIONS.**

Under the FLSA, aggrieved employees have the right to bring an action "for and on behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Actions pursued in such a representative capacity are referred to as "collective actions."[13] Federal courts in the Western District, including this Court, have traditionally used the collective action

---

[12] Ex. B-3; Press Release of Perry Homes, "Quality construction key to Perry Homes' Success."

[13] An FLSA collective action has important procedural distinctions from a class action brought pursuant to Federal Rule of Civil Procedure 23. Unlike Rule 23 class actions in which individuals ordinarily are members of the class unless they affirmatively opt-out, each putative class member in a FLSA representative action must "opt-in" by consenting in writing to be a party plaintiff in the suit. 29 U.S.C. § 216(b); *see also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 206 (5th Cir. 1975) (distinguishing "opt-in" collective action from "opt-out" Rule 23 class action). Accordingly, certification of a collective action gives potential class members (1) notice of the suit; and (2) the opportunity to protect their rights by filing a consent.

4

procedure to protect employees who were denied proper wages.[14] Determining whether collective treatment is appropriate is within the court's discretion.[15]

The Supreme Court has expressly held that courts may implement the collective action procedure by facilitating notice to potentially affected employees. *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Commenting favorably upon collective actions, the Supreme Court noted:

> "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact . . . ."

*Id.* at 170.

The FLSA requires employers to pay employees overtime compensation at one and a half time the regular rate when the employee works more than 40 hours per week. *See* 29 U.S.C. §207(a)(2). Plaintiffs contend Defendants violated the FLSA by misclassifying their Construction Staff as "exempt" and paying them on a salaried basis without any provision for overtime wages. Compl. at ¶4.2-4.3.

### B. THE *LUSARDI* ANALYSIS IS A TWO STAGE INQUIRY TO DETERMINE WHETHER CLASS MEMBERS ARE "SIMILARLY SITUATED."

Under the two-stage *Lusardi* approach, endorsed by the Western District—including this Division, [16] and upheld by the Fifth Circuit in *Mooney*, the court uses a "two step" analysis in the

---

[14] *See e.g.*, *Dini v. Zenith Café Corp.*, Cause No. A-06-1009-LY (W.D. Tex. Aug. 14, 2007) (J. Yeakel); *Pedigo v. 3003 South Lamar, LLC*, 2009 U.S. Dist. LEXIS 104138 (W.D. Tex. Oct. 29, 2009) (J. Nowlin); *Gandhi v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 56254, (W.D. Tex. July 2, 2009)(Report & Recom, adopted by J. Nowlin on Aug, 4, 2009); *Escobedo v. Dynasty Insulation, Inc.*, 2009 U.S. Dist. LEXIS 66836, *14 (W.D. Tex. July 31, 2009); *Scherrer v. S.J.G. Corp.*, Case No. A-08-CA-190-SS (W.D. Tex. Oct. 10, 2008) (J. Sparks); *Lujan v. City of Austin*, Civil Action No. A-03-CA-56-SS (W.D. Tex. April 14, 2003) (J. Sparks) [Appx Exs. C-1 to C-5].

[15] *Gandhi v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 56254, at *11 (W.D. Tex. July 2, 2009) (Report & Recom. adopted by J. Nowlin on Aug. 4, 2009) [Appx. Ex. C-3]; *See also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).

[16] *Pedigo v. 3003 South Lamar, LLC*, 2009 U.S. Dist. LEXIS 104138, *8 (W.D. Tex. Oct. 29, 2009) ("[T]his Court recently adopted the *Lusardi* test as the method for determining whether to certify a collective action under section 216(b)") (J. Nowlin); *Gandhi v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 56254 (W.D. Tex. July 2, 2009)(Report and

determination of the FLSA "similarly situated" requirement. *Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995).

The first step in *Lusardi* analysis is the "notice stage" in which the district court decides whether to issue notice to potential class members. *Mooney*, 54 F.3d at 1213-14.[17] The Honorable Sam Sparks recently described the initial "notice stage" as follows:

> "At the notice stage, the district court makes a decision—usually *based only on the pleadings and any affidavits which have been submitted*—whether notice of the action should be given to potential class members. *At the notice stage, courts appear to require nothing more than substantial allegations* that the putative class members were together the victims of a single decision, policy or plan that violated the FLSA."

*Scherrer v. S.J.G. Corp.,* Case No. A-08-CA-190-SS, at 3 (W.D. Tex. Oct. 10, 2008) (emphasis added) [Appx. Ex. C-4].

Furthermore, "this determination is made using a fairly *lenient standard*, and *typically results in a 'conditional certification' of a representative class*."[18] *Mooney, 54 F.3d at 1214*. A plaintiff who provides *"substantial allegations"* showing a factual basis that links potential class members together as the victims of a single decision, policy, or plan that is alleged to violate the FLSA meets this lenient burden. *Scherrer,* Case No. A-08-CA-190-SS, at 3 [Appx. Ex. C-4].

Once the district court conditionally certifies the collective action, putative plaintiffs are given notice and the opportunity to "opt-in." *Gandhi v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 56254, at 14-15 (W.D. Tex. July 2, 2009)(Report and Recom. adopted by J. Nowlin on Aug. 4, 2009). The action proceeds as a representative action throughout discovery. *Badgett v. Texas Taco*

---

Recom. adopted by J. Nowlin on Aug. 4, 2009); *Scherrer v. S.J.G. Corp*., Case No. A-08-CA-190-SS (W.D. Tex. Oct. 10, 2008) (J. Sparks); [Appx. Exs. C-2 to C-4]; *Escobedo v. Dynasty Insulation, Inc.*, 2009 U.S. Dist. LEXIS 66836, *14 (W.D. Tex. July 31, 2009).

[17] *See also Bernal v. Vankar Enter., Inc*., 2008 U.S. Dist. LEXIS 22814, at *3 (W.D. Tex. March 24, 2008).

[18] *Pedigo v. 3003 South Lamar, LLC*, 2009 U.S. Dist. LEXIS 104138, *9 (W.D. Tex. Oct. 29, 2009) (J. Nowlin) [Appx Ex. C-2]; *Bernal v. Vankar Enterprises, Inc*., 2008 U.S. Dist. LEXIS 22814, *11 (W.D. Tex. March 24, 2008) ("[T]he decision to conditionally certify a class at the notice stage is *lenient*.") (emphasis added).

6

*Cabana, L.P.,* 2006 U.S. Dist. LEXIS 10077 at *2 (S.D. Tex. Feb. 14, 2006). The second stage of the *Lusardi* approach typically occurs when discovery is largely complete and the defendant moves to decertify the conditionally certified class. [19] *Mooney*, *54 F.3d* at 1214. This case is in the initial notice stage in which Plaintiffs only need to provide "substantial allegations."

**C.    THE FIRST STEP OF THE *LUSARDI* ANALYSIS IS A LENIENT BURDEN.**

In order to meet this lenient first stage standard, "the class member representatives must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Pedigo*, 2009 U.S. Dist. LEXIS 104138, *12 (W.D. Tex. Oct. 29, 2009) [Appx. Ex. C-2]. As noted by Judge Nowlin, "similarly situated"[20] does not mean identical[21]:

> *"[T]he court 'need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated.* The remedial nature of the FLSA and § 216 'militates strongly in favor of allowing cases to proceed collectively. Therefore, *the positions need not be identical but similar*."

*Pedigo*, 2009 U.S. Dist. LEXIS 104138, at *12 (emphasis added). Accordingly, in deciding whether to conditionally certify the class and give notice, "Plaintiffs simply must make, through their pleadings, and any affidavits, 'substantial allegations that putative class members were together the victims of a single decision, policy or plan . . .'" *Id.* at *13 (emphasis added).

Ultimately, "[a] court may deny a plaintiff's right to proceed collectively only if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy or practice." *Id*. A plaintiff need only show some factual support for the allegations of a class-wide policy or practice. *Id*.

---

[19] At the second stage, the court makes a factual determination as to whether there are similarly situated employees. *Id*. If the claimants are similarly situated, the district court allows the representative action to proceed to trial." *Mooney*. *54 F.3d* at 1214. If the court decertifies the class, the opt-in class members are dismissed without prejudice and the plaintiffs proceed on their individual claims. *Mooney*, *54 F.3d* at 1214.

[20] The "similarly situated" requirement of §216(b) of the FLSA is less stringent than the "similarly situated requirement of FED. R. CIV. P. 20 and 42. *Ryan v. Staff Care, Inc*., 497 F.Supp.2d 820, 825 (N.D. Tex. 2007).

[21] *Ghandi*, 2009 U.S. Dist. LEXIS 56254, at *11 ("The requirement that plaintiffs be 'similarly situated' for collective treatment does not mean identically situated.") [Appx. Ex. C-3].

7

D.  **PLAINTIFFS DEMONSTRATE THAT THEY ARE "SIMILARLY SITUATED" IN TERMS OF JOB DUTIES AND PAY PROVISIONS.**

Conditional certification is warranted under the facts of this case because there is evidence that Perry Homes' Construction Staff are all similarly situated in terms of job requirements and payment provisions. As previously discussed, "similarly situated" does not mean "identical." *Pedigo*, 2009 U.S. Dist. LEXIS 104138, at *12.

Plaintiffs may accomplish the requisite showing through pleadings and supplementary materials such as affidavits and other supporting materials. *Mooney*. at 1213-24. Here, through nine (9) sworn declarations and multiple documents from Perry Homes, [22] Plaintiffs have provided factual support of "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Gandhi,* 2009 U.S. Dist. LEXIS 56254, at *13-14 [Appx. Ex. C-3]. Courts have repeatedly held that the FLSA similarly situated requirement must be interpreted generously to permit workers to collectively pursue their FLSA claims.[23]

Here, as previously discussed *infra* at pages 2-4, Plaintiffs and the putative class member Construction Staff are all similarly situated in (1) job duties—organizing the construction of new homes and performing construction work and warranty work—as well as, (2) pay provisions—all are salaried employees who were misclassified as "exempt" and not paid overtime. Plaintiffs more than meet the lenient notice stage burden.

E.  **THE LARGE NUMBER OF OPT-INS INDICATES THAT THERE ARE OTHER INTERESTED ASSISTANT PROJECT MANAGERS AND PROJECT MANAGERS THAT SHOULD RECEIVE NOTICE OF THIS LAWSUIT.**

Notice is also warranted because Plaintiffs have established by submission of additional consent to join forms that there are similarly situated potential opt-in plaintiffs who may be

---

[22] This Court granted a conditional certification and notice in a FLSA collective action supported only by five sworn declarations. *Dini v. Zenith Café Corp*., Cause No. A-06-CA-1009-LY (Aug. 14, 2007) (J. Yeakel) [Appx. Ex. C-1].
[23] *See e.g., Hipp v. Liberty National Ins. Co*., 252 F.3d 1208, 1214 (11th Cir. 2001) ("We conclude the similarly situated requirement is not particularly stringent.");

interested in opting in to this litigation.  As recently noted by Judge Nowlin, "The joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist."[24] *Pedigo*, 2009 U.S. Dist. LEXIS 104138, at *14 [Appx. Ex. C-2].  The present case was filed in November 2009, and in addition to the named plaintiffs there are currently 7 other individuals who have filed notices of consent.

### F. THE MERITS OF PLAINTIFFS' FLSA CLAIM SHOULD NOT BE CONSIDERED AS THIS IS NOT A SUMMARY JUDGMENT MOTION.

Courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated."[25] *Dell*, *Gandhi v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 56254, at *14.  Accordingly, at this stage courts generally refuse to consider a defendant's arguments on the merits.  As explained by Judge Sparks, courts do not examine the merits of a plaintiff's allegations at the initial "notice" stage to avoid having a motion for certification to become a summary judgment analysis:

> "Defendant ignores the most thrust of the requirements of the notice stage— *Courts require not 'sufficient evidence', but 'substantial allegations'* that Plaintiff and the other putative class members were victims of a decision, plan, or policy that violates the FLSA.  *Otherwise, every motion for conditional certification would require district courts to engage in a summary judgment analysis to determine whether the FLSA had actually been violated*. . . . [T]he Fifth Circuit

---

[24] *See also, Kuperman v. ICF Intern.,* 2008 U.S. Dist. LEXIS 88605, 2008 WL 4809167, at *6 (E.D. La. Nov. 3, 2008)*("To Plaintiffs have opted in to this proposed collective action under § 216(b) since the filing of the instant motion, and thus certification at this point is appropriate."); *Bernal,* 2008 U.S. Dist. LEXIS 22814, 2008 WL 791963, at *4 ("several plaintiffs have already opted in . . . It is clear from the pleadings, the affidavits and the additional plaintiffs that conditional certification is appropriate.").

[25] *See Goldman v. Radioshack Corp.,* No. Civ. A. 2:03-CV-0032, 2003 U.S. Dist. LEXIS 7611, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003)* (refusing to consider the substance of defendant's arguments on the merits because only a motion for conditional certification was before the court); *see also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits . . . ."); *See also Kairy v.Supershuttle Intern., Inc.,* No. C 08-02993, 2009 U.S. Dist. LEXIS 47424, 2009 WL 1457971, at *2 (N.D. Cal. May 21, 2009) ("Under this first step, courts do not consider the merits of the claims."); *Hoffmann v. Sbarro, Inc..,* 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (merits of the case are irrelevant to "similarly situated" test); *Jackson v. New York Tel. Co.,* 163 F.R.D. 429, 432 (S.D.N.Y. 1995) (merits of the case irrelevant to motion for authorization of notice); *Nelson v. American Standard, Inc.,* No. 2:07-CV-010, 2008 U.S. Dist. LEXIS 25946, 2008 WL 906324, at *3 (E.D. Tex. March 31, 2008) (specifically delineating between the initial "notice stage" and the second "opt-in or *merits* stage") (emphasis added)..

> explicitly stated 'because the court has minimal evidence at this stage, the determination is made using a fairly lenient standard, and *typically resulting in 'conditional certification'* of a representative class.
>
> *Analysis at this state need not resolve the underlying factual dispute*.  Instead, it properly turns on whether Plaintiffs have presented substantial allegations the putative class members were the victims of a single decision, policy, or plan implemented by Defendants that violates the FLSA. . . . *Accordingly, the Court does not now consider the underlying factual dispute or attempt to resolve it* because the Plaintiffs have adequately alleged the putative class members were victims of a single decision, policy, or plan implemented by Defendants that violates the FLSA, and the class members are 'similarly situated, this Court finds conditional certification is appropriate."

*Scherrer v. S.J.G. Corp.*, Case No. A-08-CA-190-SS at 4 (W.D. Tex. Oct. 10, 2008) (Appx. C-4).  Setting aside the fact that Perry Homes' arguments will ultimately fail, merit-based arguments are not appropriate at this stage—which is merely a determination by the Court whether the putative class is "similarly situated" in order to conditionally certify a class and send out notice to affected employees.  Accordingly, it would be inappropriate to engage in a summary judgment analysis weighing the merits of Plaintiffs' claims to determine at this stage whether the FLSA has been violated.

### IV.  CONCLUSION

Motions for conditional certification and court approved notice in FLSA actions have been routinely granted in the Western District, including the Austin Division and this Court.  *See infra*, fn. 9, Appx. Exs. C-1 to C-5.  For the same reasons stated in those decisions, conditional certification and judicial notice should be granted here.

Plaintiffs have met the lenient and minimal burden required to obtain conditional certification.  Accordingly, Plaintiffs respectfully pray that the Court grant Plaintiffs' Motion for Notice and Certification, that Plaintiffs be permitted to promptly disseminate notice to affected employees, and for all other relief at law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

*/s/ Broadus A. Spivey*
Broadus A. Spivey
Attorney-in-Charge
State Bar No. 00000076
48 East Avenue
Austin, Texas 78701
o: 512+474-6061  f: 512+474-1605
Email: bas@spivey-law.com

Rhonda H. Wills
Wills Law Firm
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas   77056
o: 713.528.4455  f: 713.528.2047
Email: rwills@rwillslawfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF CONFERENCE

Defendants are opposed to this Motion.

*/s/ Broadus A. Spivey*
Broadus A. Spivey

## CERTIFICATE OF SERVICE

I hereby certify that on **January 8, 2010**, I electronically filed the foregoing document with the clerk of the court for the Western District of Texas using the electronic case filing system of the court. The following attorneys have been given notice as follows:

*via EM/ECF electronic service*:
Geoffrey H. Bracken
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
o: 713+276-5000
f: 713+276-5555
gbracken@gardere.com

*via EM/ECF electronic service*:
Edward D. Burbach
GARDERE WYNNE SEWELL, LLP
600 Congress Avenue
Austin, Texas 78701
o: 512+542-7070
eburbach@gardere.com

*via EM/ECF electronic service*:
Merritt B. Chastain
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
o: 713+276-5206
f: 713+276-6206
mchastain@gardere.com

*via EM/ECF electronic service*:
Laura Goodson
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
o: 713+276-5518
f: 713+276-6518

*via EM/ECF electronic service*:
Michael C. Brisch
Perry Homes, LLC
PO Box 34306
Houston, TX 77234
o: 713+948-7841
f: 713+331-8046

Attorney for JOSHUA WILLIS, ET AL

_____
Broadus A. Spivey

9180P.036