IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIS AND ROBERT THOMPSON, | § | |
| ON BEHALF OF THEMSELVES AND ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. A09CA799 LY |
| | § | |
| PERRY HOMES, A JOINT VENTURE, | § | |
| AND PERRY HOMES, LLC | § | |
| | § | COLLECTIVE ACTION |
| DEFENDANTS. | § | (JURY DEMANDED) |

## DEFENDANTS' MOTION TO COMPEL RESPONSIVE DOCUMENTS AND DEPOSITION TESTIMONY OF OPT-IN PLAINTIFFS

Defendants, Perry Homes, A Joint Venture, and Perry Homes, LLC (collectively, "Defendants" or "Perry Homes"), file this Motion to Compel Responses to Requests for Production of Documents and Subpoena Duces Tecum from Robert Thompson and Joshua Willis and for the Deposition Testimony of Opt-In Plaintiffs.

On January 5, 2010, this Court ordered the parties to complete precertification discovery in the *Sandberg Case* by January 29, 2010, and suggested that the parties agree as to which depositions will be taken and what documents will be exchanged prior to the precertification discovery deadline. This Court specifically contemplated that written discovery would be exchanged, as well as depositions taken.[1] The parties agreed to conduct the deposition of the two named Plaintiffs, both Austin residents, at the same time as the Austin-based *Sandberg Case* Plaintiffs were deposed. On January 5, 2010, counsel for Defendants requested dates for depositions of the seven opt-in Plaintiffs, all but two of whom reside in Houston, since the Court

---

[1] Jan. 4, 2010 Hearing Tr. at page 38, line 23- page 39, line 1-7, attached hereto as Exhibit "1".

indicated that discovery as to whether, at least with regard to the *Sandberg Case*, the named Plaintiffs were similarly situated was warranted.  Plaintiffs' counsel has refused to present any opt-in Plaintiffs for deposition. Defendants now respectfully request this Court to compel the deposition of at least two of the opt-in Plaintiffs (Donald Drastata, Julie Moss, Paul Dorman, Dennis Hedlund, Stephen Kendrick, Clinton Henson or Jonathan Warrender).

Additionally, Defendants served a Request for Production and Subpoena Duces Tecum in conjunction with the two agreed-upon depositions in the *Willis Case*.  The requests were limited to the precertification issues, as ordered by this Court.  Plaintiffs appeared at the depositions, but produced **no** documents responsive to the requests, serving improper form objections, attached hereto as Exhibit "2".  By failing to respond to Perry Homes' Requests for Production, Plaintiffs are prejudicing Defendants' ability to properly respond to Plaintiffs' motion to certify a putative collective class.  Defendants now respectfully urge this Court to order the two Plaintiffs who were deposed to produce all responsive documents to Defendants' precertification requests for production.

The Court may compel responses to discovery if a party provides discovery responses that are incomplete or evasive.  *See*, Fed. R. Civ. P. 37(a)(3), (4). Discovery may be obtained about any matter not privileged that is relevant to the claims and defenses in the lawsuit, or if it appears "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b).  Plaintiffs have refused to produce documents responsive to Defendants' several requests for production which are clearly relevant to certification issues.

The factual issue central to this Court's determination of the certification matter is the day-to-day duties of the Plaintiffs and whether or not they performed their duties in the same manner as the other putative class members which is composed of Project Managers, First

2

Assistant Project Managers, and Assistant Project Managers, i.e, in a manner that falls within the executive exemption [29 C.F.R. § 541.100-.106],[2] the administrative exemption [29 C.F.R. § 541.200-.204], and/or the highly-compensated employee exemption [29 C.F.R. 541.601].

In efforts to establish the actual day-to-day duties, Defendants requested certain documents from Plaintiffs which would evidence communications between Perry Homes and Plaintiffs regarding those duties evidencing their exercise of independent discretion and judgment, and also evidence Perry Homes' expectation and Plaintiffs' own descriptions as to the manner in which they performed these duties (Request No 1); communications amongst Plaintiffs in this suit and other employees of Perry Homes (Request No. 2); Plaintiffs' calendars and appointment books which would illustrate their activities (Request No. 3); documents relating to meetings with sales professionals, homeowners and any other individuals pertaining to the construction or repair of any home built by Defendants, evidencing fact witnesses who can testify to the Plaintiffs' exercise of independent judgment and discretion (Request No. 4); and punch lists, inspection forms, and other similar documents (Request No. 5).

In response to requests 1-5, Plaintiffs assert the following form objections:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privilege and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege; (d) physician-patient privilege; (e) the joint defense privilege; (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.
(3) Plaintiff further objects that this request fails to comply with and violates Fed. R. Civ. P. 34.

---

[2] Plaintiffs have judicially admitted that those managers who did in fact during the last three years customarily and regularly supervise or direct the work of two or more other Perry Homes' employees are exempt from the FLSA and should not be a part of any conditionally certified class. *See,* Plaintiffs' Motion for Notice and Conditional Certification at p. 1, n. 1 [Dkt. #36]. A modicum of discovery is clearly required on this issue to ferret out the appropriateness of certain Plaintiffs' and opt-ins' inclusion in any class.

(4) Plaintiffs further object to this request on the grounds that is seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that [sic] is overly broad, vague, ambiguous, and unduly burdensome and not limited in time and scope.

(6) Plaintiff further objects that the[sic] it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of defendants and would be equally attainable and accessible to Defendants.

These form stock objections are improper and unfounded. *See,* Fed. R. Civ. P. 34(b)(2). For example, there are no documents to which the physician-client privilege applies in this FLSA misclassification case. "[B]oilerplate objections are not acceptable", and "specific objections are required in responding to a Rule 34 request.". *See,* e.g., *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 258 F.R.D. 149 (S.D.Tex. 2009), citing Rule 33(b)(4)'s requirement that an objection be "stated with specificity." The Fifth Circuit requires that "the 'party resisting discovery "must show specifically how .. each [request] is not relevant or how each question is overly broad, burdensome or oppressive." ' " *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (holding that objections to document requests on the ground that they were "overly broad, burdensome, oppressive, and irrelevant" were insufficient) (citations omitted); *S.E.C. v. Brady,* 238 F.R.D. 429, 436 (N.D.Tex.2006) ("The burden is on the party who opposes its opponent's request for production to show specifically how ... each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.") (internal citations omitted). "In order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome.  A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection. Broad-based, non-specific objections are almost impossible to assess on their merits,

and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request. A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *Brady*, 238 F.R.D. at 437 [citations omitted].

     Moreover, as stated above and as reflected in the transcript excerpts attached as Exhibit "1", the Court specifically contemplated that Defendants would be provided documents during the pre-certification discovery phase of this lawsuit. Plaintiffs' refusal to comply with Defendants' reasonable requests, and refusal to even answer deposition questions whether any such responsive documents exist, warrant the Court's entering an order compelling production of the requested documents. Defendants respectfully request that this Court overrule Plaintiffs' improper objections and respond fully to Defendants' Requests for Production of Documents attached to each of their deposition notices and to order the depositions of at least two of the opt-in Plaintiffs to be conducted at a mutually agreeable time and place.

        Respectfully submitted,

        GARDERE WYNNE SEWELL LLP

        By:   /s/ Geoffrey H. Bracken
        Geoffrey H. Bracken (TBA #02809750)
        gbracken@gardere.com
        Merritt B. Chastain, III (TBA #00793491)
        mchastain@gardere.com
        Laura J. Goodson (TBA #24045959)
        lgoodson@gardere.com
        1000 Louisiana, Suite 3400
        Houston, Texas 77002
        Telephone:    (713) 276-5000
        Facsimile:     (713) 276-5555

        GARDERE WYNNE SEWELL LLP

        Edward D. ("Ed") Burbach (TBA #03355250)
        eburbach@gardere.com
        600 Congress Avenue, Suite 3000
        Austin, Texas 78701-2978
        Telephone:    (512) 542-7000
        Facsimile:     (512) 542-7100

        ATTORNEYS-IN-CHARGE FOR
        DEFENDANTS, PERRY HOMES, A JOINT
        VENTURE, AND PERRY HOMES, LLC

OF COUNSEL:

By:   /s/ Michael C. Brisch
      Michael C. Brisch (TBA #00790372)
      brischm@perryhomes.net
      Perry Homes, LLC
      9000 Gulf Freeway, Floor 3
      Houston, TX  77017-7018
      Telephone:    (713) 948-7841
      Facsimile:     (713) 331-8046

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Broadus A. Spivey, counsel for Plaintiffs, about this Motion. He indicated that he opposed the Motion.

    /s/ Geoffrey H. Bracken
GEOFFREY H. BRACKEN

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was delivered to Plaintiffs via the court's electronic case filing system on the 28th day of January, 2010.

    Broadus A. Spivey
    State Bar No. 00000076
    48 East Avenue
    Austin, TX  78701
    bas@spivey-law.com

    Rhonda H. Wills
    Wills Law Firm
    2700 Post Oak Blvd., Suite 1350
    Houston, Texas 77056
    rwills@willslawfirm.com

    s/ Geoffrey H. Bracken
GEOFFREY H. BRACKEN