# WILLS LAW FIRM
## ATTORNEYS AT LAW

2700 Post Oak Blvd., Suite 1350
Galleria Tower I
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

## FACSIMILE TRANSMITTAL PAGE

Date: January 22, 2010

To: Broadus A. Spivey                        Fax No.: (512) 474-1605

To: Geoffrey H. Bracken                      Fax No.: (713) 276-5555
    Laura Goodson
    Merritt B. Chastain

To: Edward D. Burbach                        Fax No.: (512) 542-7270

Re: Civil Action No.: 1:09-cv-00799-LY; *Joshua Willis, et al., on behalf of themselves and all others similarly situated, v. Perry Homes LLC, et al.*; In the United States District Court for the Western District of Texas, Austin Division (*"Willis Case"*)

Pages: 13 (INCLUDING TRANSMITTAL PAGE)

From: Vanisia M. Colbert

**Message:**

Attached please find Plaintiffs' Objections to Requests for Production of Documents and Subpoena Duces Tecum to Joshua Willis and Robert Thomspon regarding the above-styled case.

**Thank you,**

++++++CONFIDENTIALITY NOTICE+++++
The information in this facsimile may be confidential and/or privileged. This facsimile is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this facsimile and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender and destroy any copies of this facsimile.



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIS AND ROBERT THOMPSON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFFS, | § § | |
| v. | § § | CIVIL ACTION NO. 1:09-CV-00799-LY |
| PERRY HOMES, A JOINT VENTURE, AND PERRY HOMES, LLC | § § § § | COLLECTIVE ACTION (JURY DEMANDED) |
| DEFENDANTS. | § § | |

## PLAINTIFFS' OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND SUBPOENA DUCES TECUM TO JOSHUA WILLIS

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs submit to Defendants Perry Homes, A Joint Venture and Perry Homes, LLC ("Defendants" or "Perry Homes") the following objections to Defendants' Request for Production of Documents and Subpoena Duces Tecum to Joshua Willis.

Respectfully submitted,

/s/ Broadus A. Spivey
Broadus A. Spivey
Attorney-in-Charge
State Bar No. 00000076
48 East Avenue
Austin, Texas 78701
o: 512+474-6061 f: 512+474-1605
Email: bas@spivey-law.com

/s/ Rhonda H. Wills
Rhonda H. Wills
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas  77056

o: 713.528.4455 f: 713.528.2047
Email: rwills@rwillslawfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct coy of this document was served on the following counsel of record on **January 22, 2010** by hand-delivery and/or U.S. Mail, and facsimile (courtesy copy):

| | | |
|---|---|---|
| Geoffrey H. Bracken<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5000<br>f: 713+276-5555<br>gbracken@gardere.com | Edward D. Burbach<br>GARDERE WYNNE SEWELL, LLP<br>600 Congress Avenue<br>Austin, Texas 78701<br>o: 512+542-7070<br>eburbach@gardere.com | Merritt B. Chastain<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5206<br>f: 713+276-6206<br>mchastain@gardere.com |
| Laura Goodson<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5518<br>f: 713+276-6518 | Michael C. Brisch<br>Perry Homes, LLC<br>PO Box 34306<br>Houston, TX 77234<br>o: 713+948-7841<br>f: 713+331-8046 | |

/s/ Rhonda H. Wills
Rhonda H. Wills

## OBJECTIONS TO ALL REQUESTS FOR PRODUCTION OF DOCUMENTS & SUBPOENA DUCES TECUM

Request No. 1: Copies of any documents provided by PH to you prior to November 3, 2009.

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of

2

interest privilege; (g) common interest privilege; and/or (f) any other privilege.
(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants.

<u>Request No. 2</u>: Copies of any documents evidencing or reflecting any communications, be they written or oral, between you, any of the Plaintiffs in this lawsuit, or any other current or former employees of PH.

<u>Response</u>:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.
(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

<u>Request No. 3</u>: Originals and copies of all diaries, calendars, journals, appointment books, and other similar documents generated by you during your employment with PH.

3

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants.

Request No. 4: Copies of all documents evidencing or reflecting meetings with sales professionals, homeowners, or any other individuals pertaining to the construction or repair of any home built by PII.

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants.

Request No. 5: True and correct copies of any punch lists, inspection forms, or other similar documents created and/or maintained by you during your employment with PH.

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIS AND ROBERT THOMPSON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFFS, <br><br> V. <br><br> PERRY HOMES, A JOINT VENTURE, AND PERRY HOMES, LLC <br><br> DEFENDANTS. | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:09-CV-00799-LY <br><br> COLLECTIVE ACTION (JURY DEMANDED) |

## PLAINTIFFS' OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND SUBPOENA DUCES TECUM TO ROBERT THOMPSON

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs submit to Defendants Perry Homes, A Joint Venture and Perry Homes, LLC ("Defendants" or "Perry Homes") the following objections to Defendants' Request for Production of Documents and Subpoena Duces Tecum to Robert Thompson.

Respectfully submitted,

/s/ Broadus A. Spivey
Broadus A. Spivey
Attorney-in-Charge
State Bar No. 00000076
48 East Avenue
Austin, Texas 78701
o: 512+474-6061  f: 512+474-1605
Email: bas@spivey-law.com

/s/ Rhonda H. Wills
Rhonda H. Wills
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas   77056

o: 713.528.4455  f: 713.528.2047
Email: rwills@rwillslawfirm.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct coy of this document was served on the following counsel of record on **January 22, 2010** by hand-delivery and/or U.S. Mail, and facsimile (courtesy copy):

Geoffrey H. Bracken
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
o: 713+276-5000
f: 713+276-5555
gbracken@gardere.com

Edward D. Burbach
GARDERE WYNNE SEWELL, LLP
600 Congress Avenue
Austin, Texas 78701
o: 512+542-7070
eburbach@gardere.com

Merritt B. Chastain
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
o: 713+276-5206
f: 713+276-6206
mchastain@gardere.com

Laura Goodson
GARDERE WYNNE SEWELL, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002
o: 713+276-5518
f: 713+276-6518

Michael C. Brisch
Perry Homes, LLC
PO Box 34306
Houston, TX 77234
o: 713+948-7841
f: 713+331-8046

/s/ Rhonda H. Wills
Rhonda H. Wills

## OBJECTIONS TO ALL REQUESTS FOR PRODUCTION OF DOCUMENTS & SUBPOENA DUCES TECUM

Request No. 1: Copies of any documents provided by PH to you prior to November 3, 2009.

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of

2

interest privilege; (g) common interest privilege; and/or (f) any other privilege.
(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants.

Request No. 2: Copies of any documents evidencing or reflecting any communications, be they written or oral, between you, any of the Plaintiffs in this lawsuit, or any other current or former employees of PH.

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.
(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 3: Originals and copies of all diaries, calendars, journals, appointment books, and other similar documents generated by you during your employment with PH.

3

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants.

Request No. 4: Copies of all documents evidencing or reflecting meetings with sales professionals, homeowners, or any other individuals pertaining to the construction or repair of any home built by PH.

Response:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

4

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants.

<u>Request No. 5</u>: True and correct copies of any punch lists, inspection forms, or other similar documents created and/or maintained by you during your employment with PH.

<u>Response</u>:

(1) Plaintiffs object that this request on the grounds that it is beyond the discovery permitted by the Court at this time. It further violates the Court's order staying discovery.

(2) Plaintiffs further object to this request on the grounds that it calls for disclosure of any information that constitutes or is protected by the following privileges and exemptions from discovery: (a) the attorney-client privilege; (b) the work-product doctrine; (c) the investigative privilege, (d) physician-patient privilege; (e) the joint defense privilege, (f) community of interest privilege; (g) common interest privilege; and/or (f) any other privilege.

(3) Plaintiff further objects that this request fails to comply with and violates FED. R. CIV. P. 34

(4) Plaintiffs further object to the request on the grounds that it seeks documents containing information of a confidential, private, personally sensitive, and/or proprietary nature.

(5) Plaintiffs further object to the request on the grounds that is overly broad, vague, ambiguous and unduly burdensome and not limited in time or scope.

(6) Plaintiff further objects that the it requests information that is irrelevant, and that the request is harassing, not reasonably calculated to lead to the discovery of admissible evidence.

(7) Plaintiff further objects that these documents are readily available to Defendants and in Defendants' possession. Moreover, such documents are already in the constructive possession of Defendants and would be equally obtainable and accessible to Defendants

5