IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIS, ET AL., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CIVIL ACTION NO. 1:09-CV-00799-LY |
| PERRY HOMES, A JOINT VENTURE, AND PERRY HOMES, LLC | § § § § | COLLECTIVE ACTION (JURY DEMANDED) |
| DEFENDANTS. | § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, on behalf of themselves and all other similarly situated individuals, file this Reply to the Response filed by Defendants Perry Homes, A Joint Venture and Perry Homes, LLC (collectively, "Defendants" or "Perry Homes") to Plaintiffs' Motion for Notice and Conditional Certification and would respectfully show:

**I. BACKGROUND**

Plaintiffs seek an Order permitting notice and conditional certification of a class of:

> Defendants' salaried, non-supervisory construction staff with the job title of Assistant Project Manager, First Assistant Project or Project Manager who worked more than 40 hours per week without overtime compensation in the last 3 years.

The workers who fall within the defined class will be referred to as "Construction Staff," and it is <u>undisputed</u> that the Construction Staff were required to work in excess of 40 hours per week[1] without any overtime compensation.[2]

---

[1] Exhibits attached to Plaintiffs' Motion at Ex. B-1, Perry Homes Employee Handbook at p. 14, §2.5C ("Project Managers and Assistant Project Managers will work a five and one-half (5½) workweek. The hours tend to increase as production levels increase.").

## II.. PERRY HOMES' CONSTRUCTION STAFF ARE SIMILARLY SITUATED.

The lenient standard for conditional certification requires that the class be "similarly situated" in terms of job requirements and pay provisions.[3] As noted by Judge Nowlin, "similarly situated" does not mean identical[4]:

> "[T]he court 'need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated. The remedial nature of the FLSA and § 216 'militates strongly in favor of allowing cases to proceed collectively. Therefore, *the positions need not be identical but similar*."

*Pedigo*, 2009 U.S. Dist. LEXIS 104138, at *12 (emphasis added). For conditional certification, "plaintiffs simply must make . . . 'substantial allegations that putative class members were together the victims of a single decision, policy or plan . . .'" *Id.* at *13. Here, Plaintiffs have provided more than "substantial allegations" to meet this standard because they:[5]

- had the job title of Assistant Project Manager, First Assistant and/or Project Manager;
- were salaried[6] employees who were never paid overtime compensation;
- were classified as "exempt" under the FLSA by Perry Homes;
- were required to work at least 5½ days per week;
- performed the same or similar job duties as construction personnel in the construction of new homes, including organizing the construction of new single family homes and performing routine construction and warranty work related to the new homes; and
- were "non-supervisory" employees, who did not customarily and regularly supervise or direct the work of two or more other Perry Homes employees.

## III. THIS CASE IS IN THE INITIAL NOTICE STAGE OF CERTIFICATION WITH A VERY LENIENT STANDARD.

Although this case is in an initial stage in which no merits discovery has been conducted, Defendants argue that the Court should bypass the initial notice stage inquiry and evaluate

---

[2] Perry Homes' Original Answer [Doc. #26] at ¶4.2 ("Defendants admit that Plaintiffs were not paid a half-time premium for each hour worked over 40 in a week.")
[3] *Pedigo v. 3003 South Lamar, LLC*, 2009 U.S. Dist. LEXIS 104138, at *12 (W.D. Tex. Oct. 29, 2009) (J. Nowlin).
[4] *Gandhi v. Dell, Inc.,* 2009 U.S. Dist. LEXIS 56254, at *11 (W.D. Tex. July 2, 2009)(Report & Recom, adopted by J. Nowlin on Aug, 4, 2009) ("'similarly situated' for collective treatment does not mean identically situated.")[Ex. 1]
[5] Exhibits attached to Plaintiffs' Motion Exs. A-1 to A-9, Sworn Declarations; Ex. B-1, Perry Homes Employee Handbook at pp. 3-5, 14; Ex. B-2, Perry Homes' Website Excerpts.
[6] In addition to a salary, assistant project managers and project managers also received a production bonus.

2

whether to give notice to affected employees based on the more stringent second stage of certification or decertification. The second stage evaluation typically occurs only after <u>all</u> discovery has been completed and the case is ready for trial.[7] In a similar case, *Ghandi v. Dell, Inc.*, the defendants made the same argument, which was rejected by Judge Nowlin and Magistrate Judge Austin and should be rejected here for the same reasons.[8]

In *Dell*, the plaintiffs brought a FLSA collective action against Dell for failure to pay overtime compensation. Judge Nowlin refused to scrutinize the plaintiff's motion under the stricter "decertification standard" despite the fact that 6 months of discovery had been conducted—including 3,354 pages of documents produced by Dell, 2,409 pages of documents produced by the plaintiffs, 15 depositions taken by Dell, 5 depositions taken by plaintiffs and the exchange of written discovery.[9] The Court found that

> [I]t is clear that discovery is far from complete. . . . Therefore, this case is not like *Valcho*, where the court determined that discovery was completed and that the plaintiffs had a sufficient opportunity to marshal their best evidence. <u>On balance, the Court believes that it would be inappropriate to apply the stricter second-stage standard to this case given the fact that the discovery to date has been quite limited,</u> . . . Accordingly, <u>in reviewing the Plaintiffs' motion for certification, the Court will apply the more lenient "notice stage" standard</u> described in *Lusardi*. . . . the Court will give the benefit of the doubt to the Plaintiffs given that they have not conducted full discovery on their claims.[10]

Applying this standard, the Court conditionally certified the FLSA collective action of Dell's sales representatives.[11] Here, very little discovery has been conducted limited solely to depositions taken by Defendants of some of the Plaintiffs relating to conditional certification issues without any examination of the merits. Plaintiffs have not taken any depositions and the

---

[7] *Ghandi v. Dell*, 2009 U.S. Dist. LEXIS 56254, at *15-16. [Ex. 1]
[8] *See also Simpkins v. Pulte Home Corp.*, Case No. 6:08-cv-130 (M.D. Fl. Aug. 21, 2008) at p. 10. [Ex. 2]
[9] *Dell,* 2009 U.S. Dist. LEXIS 56254, at *17-*24.
[10] *Id.* at *21-22.
[11] *Id.*

parties have not exchanged any written discovery. Accordingly, like *Dell*, the more lenient initial notice stage "similarly situated" standard should be applied.

## IV. MISCLASSIFICATION CASES ARE APPROPRIATE FOR COLLECTIVE TREATMENT.

Defendants further argue that conditional certification should be denied because this is a "misclassification" case—that is, that Plaintiffs were misclassified as "exempt" when they were non-exempt under the FLSA—requiring individual analysis of each claim. [Resp. at pp. 8-10].

On the contrary, courts evaluating <u>almost identical cases</u> to the one at issue have readily conditionally certified a FLSA collective action. For example, in *Ballew v. Lennar Corp.*, the court conditionally certified a FLSA collective action of salaried construction managers who worked a new home builder whose job duties involved "overseeing the workers on projects," as well as physical labor.[12] In *Ballew*, the plaintiffs and class members were all salaried employees that alleged that they were misclassified as exempt—like Plaintiffs here. *Id*. at p. 3. Nonetheless, the *Ballew* court conditionally certified a <u>nationwide</u> collective action involving 17 different states. Here, Plaintiffs seek certification of a statewide action involving 5 cities/areas in Texas.

Similarly, in *Cerrone v. KB Home Florida, LLC*, the court conditionally certified a FLSA collective action of salaried builders/superintendents who asserted that they were misclassified as "exempt" under the FLSA.[13] Like Plaintiffs here, the *Cerrone* plaintiffs' job involved building new homes. Likewise, in *Simpkins v. Pulte Home Corp.*, the court conditionally certified a nationwide FLSA collective action consisting of salaried builders who oversaw the construction of new homes—like Plaintiffs here.[14] In *Simpkins*, the defendant home building company argued that as a misclassification case various FLSA exemptions would need to be evaluated with respect to each claim barring collective action. *Id*. at pp. 13-14. The *Simpkins* court found the

---

[12] *Ballew v. Lennar Corp.*, Case No. 2:08-cv-13 (M.D. Fl. July 3, 2008) [Ex. 3].
[13] *Cerrone v. KB Home Florida, LLC*, Case No. 07-cv-14404 (S.D. Fl. Dec. 11, 2008) [Ex. 4, Opinion & Complaint]
[14] *Simpkins v. Pulte Home Corp.*, Case No. 6:08-cv-130 (M.D. Fl. Aug. 21, 2008) at p. 10. [Ex. 2]

fact that "Pulte's own management has determined that these employees are similar enough to be classified under the same exemptions for purposes of complying with the FLSA" indicated that they were "similarly situated." *Id*. Here, like *Simpkins,* Plaintiffs and the putative class were <u>all</u> determined by Perry Homes as "exempt" from overtime under the same exemptions. Accordingly, Perry Homes has admitted that they are similarly situated. Like *Simpkins*, *Ballew*, *Cerrone* and numerous other cases[15], this matter should be conditionally certified.

## V. THE MERITS SHOULD NOT BE EXAMINED AT THIS INITIAL NOTICE STAGE.

Conditional certification is not a merit-based inquiry, and "merits-based arguments are inappropriate at the notice stage."[16] Accordingly, at this stage courts generally refuse to consider a defendant's arguments on the merits. As noted by Judge Nowlin in *Dell*, any attempts by Defendants here to demonstrate differences in job requirements or pay provisions at this stage should be ignored.[17]

---

[15] *See e.g., Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233 (11th Cir. 2008), *cert denied*, 130 S. Ct. 59 (2009) (FLSA collective action certified of 1,424 store managers misclassified as exempt with jury trial and final judgment entered of over $35 million); *Beall v. Tyler Technologies, Inc*., 2009 U.S. Dist. LEXIS 52900 (E.D. Tex. June 23, 2009) (five different categories of salaried employees who were misclassified as exempt were conditionally certified as a FLSA collective action); *Ryan v. Staff Care, Inc*., 497 F.Supp.2d 820 (N.D. Tex. 2007) (certification of FLSA collective action of sales consultants who were improperly misclassified as exempt).

[16] *Dell*, 2009 U.S. Dist. LEXIS 56254, at *14. [Ex. 1]; s*ee also9 Goldman v. Radioshack Corp., No. Civ. A. 2:03-CV-0032, 2003 U.S. Dist. LEXIS 7611, at *8 (E.D. Pa. Apr. 16, 2003)* (refusing to consider the substance of defendant's arguments on the merits because only a motion for conditional certification was before the court); s*ee also Kairy v.Supershuttle Intern., Inc., No. C 08-02993, 2009 U.S. Dist. LEXIS 47424, 2009 WL 1457971, at *2 (N.D. Cal. May 21, 2009)* ("Under this first step, courts do not consider the merits of the claims."); *Jackson v. New York Tel. Co., 163 F.R.D. 429, 432 (S.D.N.Y. 1995)* (merits of the case irrelevant to motion for authorization of notice); *Nelson v. American Standard, Inc., No. 2:07-CV-010, 2008 U.S. Dist. LEXIS 25946, 2008 WL 906324, at *3 (E.D. Tex. March 31, 2008)* (specifically delineating between the initial "notice stage" and the second "opt-in or *merits* stage").

[17] *Dell* at *15 (finding defendant's attempts to distinguish between job requirements of plaintiffs inappropriate at notice stage); *see also Proctor v. Allsups Convenience Stores, Inc., 250 F.R.D. 278, 280 (N.D. Tex. 2008)* (discussing how courts consider the disparate factual and employment settings of the individual plaintiffs at the second stage); *Edwards v. City of Long Beach, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006)* (finding that defendants' arguments regarding differences in putative plaintiffs' job positions and duties are better suited for the more stringent second step of the *§ 216(b)* collective action certification analysis).

For all the foregoing reasons, Plaintiffs respectfully pray that the Court grant Plaintiffs' Motion for Notice and Certification, that Plaintiffs be permitted to promptly disseminate notice to affected employees, and for all other relief at law or in equity to which Plaintiffs are entitled.

Respectfully submitted,

/s/ Broadus A. Spivey
Broadus A. Spivey
Attorney-in-Charge
State Bar No. 00000076
48 East Avenue
Austin, Texas 78701
o: 512+474-6061  f: 512+474-1605
Email: bas@spivey-law.com

/s/ Rhonda H. Wills
Rhonda H. Wills
Wills Law Firm
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas  77056
o: 713.528.4455  f: 713.528.2047
Email: rwills@rwillslawfirm.com
**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

       I hereby certify that on **February 25, 2010**, I electronically filed the foregoing document with the clerk of the court for the Western District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

| | | |
|---|---|---|
| Geoffrey H. Bracken<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5000<br>f: 713+276-5555<br>gbracken@gardere.com | Edward D. Burbach<br>GARDERE WYNNE SEWELL, LLP<br>600 Congress Avenue<br>Austin, Texas 78701<br>o: 512+542-7070<br>eburbach@gardere.com | Merritt B. Chastain<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5206<br>f: 713+276-6206<br>mchastain@gardere.com |
| Laura Goodson<br>GARDERE WYNNE SEWELL, LLP<br>1000 Louisiana, Suite 3400<br>Houston, TX 77002<br>o: 713+276-5518<br>f: 713+276-6518 | Michael C. Brisch<br>Perry Homes, LLC<br>PO Box 34306<br>Houston, TX 77234<br>o: 713+948-7841<br>f: 713+331-8046 | |

                                        /s/ Rhonda H. Wills
                                        Rhonda H. Wills